UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| BAC HOME LOANS SERVICING LP, | No. C 10-05674 MEJ |
| Plaintiff, | **ORDER FOR CLERK OF COURT TO REASSIGN CASE** |
| v. | |
| DALJIT TUMBER and SONIKA TUMBER | **REPORT & RECOMMENDATION** |
| Defendants. / | |

## I. INTRODUCTION

On December 14, 2010, Defendants Daljit Tumber and Sonika Tumber ("Defendants") removed this unlawful detainer action from the Alameda County Superior Court, alleging both federal question and diversity jurisdiction. Not. of Removal at 1, Dkt. No. 1. Since that time, Defendants have made no further appearance, and there is no indication that Plaintiff BAC Home Loans Servicing LP has been properly served. However, for the reasons set forth below, the Court finds that jurisdiction is lacking and the case should be remanded to state court. As neither party has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), the undersigned ORDERS that this case be reassigned to a district court judge with the recommendation that the Court REMAND the case to the Alameda County Superior Court.

## II. BACKGROUND

Plaintiff alleges that it is the owner of the real property located at 3141 Atwal Court in Hayward, California, which it obtained as the result of a Trustee's Sale. Compl. ¶¶ 1, 6, 8, Dkt. No.

1. After obtaining title, Plaintiff alleges that it served Defendants a notice to quit on May 5, 2010, but Defendants failed to deliver up possession of the property. *Id.* at ¶¶ 8, 10. On June 11, 2010, Plaintiff filed this unlawful detainer action pursuant to California Civil Procedure Code section 1161(a), which permits a purchaser under a Trustee Sale to bring an unlawful detainer action against the trustor, or anyone holding under the trustor, who refuses to relinquish possession.

On December 14, 2010, Defendants removed the case to this Court. However, as Defendants failed to make any subsequent appearance, and there was no indication that Plaintiff had been served with the Notice of Removal, the Court issued an order to show cause on May 13, 2011, ordering Defendants to show cause why this case should not be remanded to the Alameda County Superior Court. Dkt. No. 8. The Court ordered Defendants to file a declaration by June 2, 2011, and scheduled a hearing on June 16, 2011. Defendants failed to file a declaration in response and failed to appear at the June 16 hearing.

### III.  LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on the existence of a federal question or diversity of citizenship.

### IV. DISCUSSION

**A.   Federal Question Jurisdiction**

Defendants based removal on both federal question and diversity jurisdiction. As to federal question jurisdiction, Defendants allege that jurisdiction exists from Plaintiff's "discovery requests and demand for: 'THE ORIGINAL BLUE INKED PROMISSORY NOTE,' and as to identify the statutory basis for the discovery request/demand and other claims." Not. of Removal at 2, Dkt. No. 1. Defendants cite to no statutory or other legal authority to support this allegation.

Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. *See* 28 U.S.C. § 1441. A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a plaintiff may "by eschewing claims based on federal law, choose to have the cause be heard in state court." *Id.* at 399. And an anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). But a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Id.* at 22.

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). As noted above, Defendants' Notice of Removal suggests that this Court's subject matter jurisdiction over Plaintiff's single unlawful detainer claim somehow results from Plaintiff's "discovery requests and demand for: 'THE ORIGINAL BLUE INKED PROMISSORY NOTE'." Not. of Removal at 2. However, it is unclear how a violation of federal law could result from Plaintiff's discovery requests as such requests are not part of the pleading that initiated this action, and Defendants have not explained how removal might be premised upon such requests. *See, e.g., Aurora Loan Services, LLC v. Thanh Van Le*, 2011 WL 2079707, at *3 (E.D.

3

1 Cal. May 23, 2011). No explanation readily appears to the undersigned.  Accordingly, Defendants
2 have not met their burden of demonstrating grounds for jurisdiction over Plaintiff's single claim for
3 unlawful detainer brought pursuant to California law.

**B.     Diversity Jurisdiction**

Defendants also base removal on diversity jurisdiction, alleging that complete diversity exists among the parties and the amount in controversy exceeds $95,000.  Not. of Removal at 2. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." Here, the allegations in the unlawful detainer action do not explicitly state that the parties are residents of different states and do not explicitly state an amount in controversy that exceeds $75,000.  While the Notice of Removal describes Defendants as citizens of California, it is silent with respect to Plaintiff's citizenship.  Not. of Removal at 2.  Further, within its complaint, Plaintiff described itself as a corporation authorized to do business in California, but it did not purport to describe its citizenship for diversity purposes.  Compl. ¶ 1.  Without an opposition from Defendants showing diversity of citizenship and an amount in controversy in excess of $75,000, the Court finds that jurisdiction cannot be based in diversity of citizenship.  *Deutsche Bank Nat. Trust Co. v. Gomez*, 2011 WL 2135219, at *3 (N.D. Cal. May 27, 2011).  Accordingly, the lack of such jurisdiction provides grounds to remand.

## V.     CONCLUSION

Because the Court lacks jurisdiction over this case, the undersigned RECOMMENDS that the District Court remand this case to the Alameda County Superior Court.  Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72–3.

**IT IS SO ORDERED.**

Dated: June 16, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BAC HOME LOANS SERVICING, LP,

      Plaintiff,

  v.

DALJIT S. TUMBER et al,

      Defendant.

Case Number: CV10-05674 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daljit S. Tumber
Sonika K. Tumber
3141 Atwal Court
Hayward, CA 94541

Dated: June 16, 2011

                Richard W. Wieking, Clerk
                By: Brenda Tolbert, Deputy Clerk